IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESULTS BYIQ, LLC, | ) Case No. C 11-0550 SC |
| Plaintiff, | ) ORDER DENYING DEFENDANTS' |
| v. | ) MOTION TO DISMISS AND ) DENYING PLAINTIFF'S |
| NETCAPITAL.COM, LLC; NETWIRE, INC.; NETMOVIES, INC. | ) APPLICATION FOR DEFAULT ) JUDGMENT |
| Defendants. | ) |

## I. INTRODUCTION

Plaintiff Results ByIQ ("Plaintiff") has applied for default judgment against Defendants NetCapital.com, LLC ("NetCapital.com"), NetMovies, Inc. ("NetMovies"), and NetWire, Inc. ("Netwire") (collectively, "Defendants"). ECF No. 17 ("App. for Default J."). Defendants have not filed an Opposition to Plaintiff's application but have moved to quash Plaintiff's service of summons and to dismiss the Complaint. ECF No. 18 ("Mot. to Dismiss"). Plaintiff filed an Opposition to Defendants' Motion to Dismiss. ECF No. 20 ("Opp'n"). Defendants have not filed a Reply. For the reasons set forth below, the Court DENIES Defendants' Motion to Dismiss. The Court also DENIES Plaintiff's Application for Default Judgment without prejudice.

///

///

**II. BACKGROUND**

Plaintiff filed a Complaint for wire fraud against Defendants on February 7, 2011 and a First Amended Complaint on February 10, 2011. ECF Nos. 1 ("Compl."), 4 ("FAC"). The FAC alleges that Plaintiff is a California corporation with its principal place of business in California and that Defendants are incorporated in Delaware with a principal place of business at 165 Nantasket Beach Avenue, Hull, Massachusetts, 02045 ("165 Nantasket Beach Ave."). FAC ¶¶ 4, 7-9. All three of the Defendants appear to be affiliated. See id. Ex. B ("Consulting Agreement") ¶ 1. According to the FAC, the Defendants are the alter-egos of John Fanning ("Fanning").[1] Id. ¶ 13. Fanning has declared that he is a founder, manager, and officer of Defendants. ECF 18-1 ("Fanning Decl.") ¶ 1.

Plaintiff alleges that, pursuant to its Consulting Agreement with Defendants and at the insistence of Fanning, Plaintiff provided Defendants with hundreds of hours of services valued at tens of thousands of dollars. Id. ¶ 21, 23-24. According to the Consulting Agreement, which was signed by Defendants on October 27, 2006, Defendants' address is 165 Nantasket Beach Ave. Id. Ex. A ("Consulting Agreement"). The Consulting Agreement also provides:

> All notices under this Agreement shall be in writing, and shall be deemed given when personally delivered, sent by confirmed telecopy or other electronic means, or ten (10) days after being sent by prepaid certified or registered U.S. mail to the address of the party to be noticed as set forth herein or such other address as such party last provided to the other by written notice.

---

[1] Fanning was originally named as a Defendant in the Complaint and FAC. Plaintiff voluntarily dismissed its claims against Fanning without prejudice on March 20, 2011. ECF. No. 10.

Id. ¶ 7.

Plaintiff alleges that Defendants failed to compensate Plaintiff for services rendered under the Consulting Agreement. To recover, Plaintiff brought claims for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 et seq., fraud in the inducement, fraudulent conveyance, breach of contract, account stated, and open book account against Defendants. Id. ¶¶ 46-84.

Plaintiff, through a licensed process server, served a copy of the Summons, Complaint, and FAC on Tom Carmody ("Carmody") at 165 Nantasket Ave. on February 14, 2011. ECF No. 8 ("Proof of Service"). The process server declares that Carmody "was identified as an officer qualified by law to accept service on behalf of [Defendants]." Id. The process server also declares that 165 Nantasket Ave. is the principal office of NetWire and NetMovies in Massachusetts, as registered with the Massachusetts Secretary of State. Id.

After Defendants failed to answer or otherwise respond to this action, the Clerk of the Court entered default on March 17, 2011. ECF No. 9 ("Entry of Default"). On June 20, 2011, Plaintiff moved for default judgment in the amount of $259,131.05. App. for Default J. at 2. Approximately two weeks later, Defendants moved to dismiss for lack of proper service pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Mot. to Dismiss at 1-2.

///
///
///
///

## III. LEGAL STANDARD

### A. Rule 12(b)(5)

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move for dismissal due to insufficient service of process. See Fed. R. Civ. P. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4 . . . . [W]ithout substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" Direct Mail Specialists, Inc. v. Eclat Computerized Tech., 840 F.2d 685, 688 (9th Cir. 1988) (citations omitted). "Once service is challenged, plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Factual issues concerning service of process may be determined by the district court through affidavits, depositions, or oral testimony. United States v. Coker, 09-CV-02012-JAM-DAD, 2010 U.S. Dist. LEXIS 117637, at *9 (E.D. Cal. Oct. 21, 2010). If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action. See Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

### B. Default Judgment

After entry of a default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors. As a preliminary matter, the Court must "assess the adequacy of the service of

4

process on the party against whom default judgment is requested." Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992).

**IV. DISCUSSION**

    **A. Defendants' Motion to Dismiss**

Defendants move to dismiss the FAC on the grounds that Plaintiff failed to effect proper service. Mot. to Dismiss at 2. According to the Proof of Service, Plaintiff served a copy of the Summons and Complaint on Carmody at 165 Nantasket Beach Ave. However, Fanning declares that Defendants have not done business at 165 Nantasket Beach Ave. since 2008 and that Carmody "is not an

5

officer, director, manager or employee of any of the Defendants." Fanning Dec. ¶ 5. Fanning also declares that: Defendants' agent for service of process, registered with the Delaware Secretary of State, is Rick Bell ("Bell"); Bell's business address is in Delaware; all of Defendants are Delaware corporations with principal places of business in Delaware; none of Defendants are registered as foreign corporations to do business in Massachusetts; and NetMovies and NetWire allowed their authorizations to do business in Massachusetts to expire in 2008. Id. ¶¶ 2-4.

In Opposition, Plaintiff offers the declaration of Paul Charlton ("Charlton"), the manager of Plaintiff. ECF 20-1 ("Charlton Opp'n Decl.") ¶ 3. Attached to the declaration are a number of documents Charlton retrieved from the Internet on July 18, 2011, indicating that Defendants' business address is 165 Nantasket Beach Ave., including: internet domain records for NetCapital.com, NetWire, and NetMovies; public records from the Massachusetts Secretary of State for NetMovies and NetWire; multiple documents from www.netcapital.com authored after January 2008; and a "contact page" for www.netwire.com. Id. ¶ 4, Exs. A-I.

Charlton declares that Defendants never provided Plaintiff with notice of an address different from the one provided in the Consulting Agreement -- 165 Nantasket Beach Ave. -- and that Carmody is known to him as the Chief Marketing Officer of NetCapital.com. Id. ¶¶ 11, 14. Charlton also declares that Stuart Smilowitz ("Smilowitz"), who allegedly served Defendants at 165 Nantasket Beach Ave. on February 15, 2011, told him that Carmody orally accepted service on behalf of Defendants. Smilowitz also told Charlton that 165 Nantasket Beach Ave. had a sign naming

6

NetCapital.com as a tenant. Additionally, Charlton declares that, after a diligent search of the public records, he determined that neither NetMovies nor NetWire is currently registered to do business in the state of Delaware.[2] Id. ¶ 15.

Defendants did not file a Reply in support of their Motion to Dismiss or otherwise challenge Plaintiff's Opposition or the facts set forth in Charlton's Opposition Declaration.

Under Rule 4(h) of the Federal Rules of Civil Procedure, a plaintiff may serve a corporate defendant "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a plaintiff may follow the state law for service of process in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A). In Massachusetts, a corporate defendant may be served "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process." Mass. R. Civ. P. 4(d)(2).

Plaintiff has met its burden of demonstrating effective service. The Proof of Service shows that Smilowitz served the Complaint, FAC, and Summons on Carmody at 165 Nantasket Beach Ave.

---

[2] Charlton also declares that the Delaware address offered by Defendants is actually the address of the agent for service of process for NetCapital.com and that none of the Defendants have employees who work at the address. Charlton Opp'n Decl. ¶ 12.

approximately one week after the action was filed. Proof of Service at 1-2. Smilowitz declares that Carmody was "identified as an officer qualified by law to accept service on behalf of [Defendants]." Id. at 2. The 2006 Consulting Agreement, which was attached to the FAC and has not been challenged by Defendants, identifies Defendants' address as 165 Nantasket Beach Ave. and provides that all notices under the Consulting Agreement shall be delivered to that address. Charlton declares that Defendants never provided Plaintiff with an address different from the one in the Consulting Agreement. Charlton Opp'n Decl. ¶ 11. Further, Plaintiff has offered a variety of documents indicating that Defendants' address remains 165 Nantasket Beach Ave., including public records from the Massachusetts Secretary of State. Charlton Decl. Exs. A-I.

In light of the evidence offered by Plaintiff, the Court finds Defendants' Motion to Dismiss and Fanning's declaration unpersuasive. Fanning declares that Defendants and their agent for service of process are located in Delaware and that Defendants have not done business at 165 Nantasket Beach Ave. since 2008. Fanning Decl. ¶¶ 2-4. However, Fanning and Defendants do not dispute that their address is identified as 165 Nantasket Beach Ave. in the Consulting Agreement. They do not dispute that they never notified Plaintiff of a change of address. Nor do they otherwise challenge any of the evidence offered by Plaintiff showing that Defendants' address remains 165 Nantasket Beach Ave. Fanning also declares that Carmody "is not an officer, director, manager or employee of Defendants." Id. ¶ 5. However, Fanning is silent as to Carmody's position with Defendants at the time of service.

For these reasons, the Court finds that Plaintiff served Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Accordingly, the Court DENIES Defendants' Motion to Dismiss.

### B. Plaintiff's Application for Default Judgment

The Court finds default judgment is inappropriate because Plaintiff has failed to provide sufficient evidence of its damages. Upon default, the factual allegations in the complaint relating to damages are not taken as true. Geddes, 559 F.2d at 560. "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." Amini Innovation Corp. v. KTY Int'l Mktg., 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011). Courts generally require the plaintiff to submit admissible evidence to support damages calculations. Id. "If the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." Philip Morris U.S.A. Inc. v. Castworld Prods., 219 F.R.D. 494, 498 (C.D. Cal. 2003).

In the FAC, Plaintiff seeks judgment against Defendants for $163,800 for its first cause of action for RICO violations ($54,000 in compensatory damages and $109,200 in exemplary and punitive damages); $245,700 for its second cause of action for fraud in the inducement ($81,900 in compensatory damages and $163,800 in exemplary and punitive damages), and $54,600 in compensatory damages for its third, fourth, fifth, and sixth causes of action. FAC at 12-13. Plaintiff also seeks attorney's fees, costs, and post-judgment interest. Id. It is unclear how Plaintiff arrived

9

at its different compensatory damages figures. According to invoices attached to the FAC, Plaintiff provided Defendants with $41,550 in services at a rate of $150 per hour. FAC ¶ 23, Ex. D.

In its Application for Default Judgment, Plaintiff seeks total damages of $245,700. App. for Default J. ¶ 8. In support of its damages figures, Plaintiff submits a declaration by Charlton stating that Defendants "owe for 364 hours of services rendered at the market rate of $225/hour [as opposed to the $150/hour rate identified in the invoices attached to the FAC], for a principal amount of $81,900 that remains unpaid since at least January 1, 2008."[3] ECF 17-2 ("Charlton Default J. Decl.") ¶ 7. Plaintiff provides no other documentary evidence supporting its damages figures and no explanation for the inconsistency between the hourly rates identified in Charlton's declaration and the invoices attached to the FAC. Plaintiff also seeks costs of $781.05 and "reasonable attorney's fees" of $12,650. App. for Default J. ¶¶ 5-6. Again, the only support provided for these figures is the declaration of Charlton, which provides no details as to how these figures were determined. See Charlton Default J. Decl. ¶¶ 9-10. Plaintiff does not specify the hourly rates of its attorneys, average local hourly rates for attorneys, or the number of legal hours billed, or provide an itemized list of costs.

The Court finds that Plaintiff has submitted inadequate evidence to support entry of default judgment in the requested

---

[3] Plaintiff claims it is entitled to treble damages under 18 U.S.C. § 1964(c), App. for Default J. ¶ 7, which provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 . . . shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

1  amount of $259,131.05.  The evidence submitted by Plaintiff does
2  not provide sufficient detail for the Court to determine the amount
3  owing under the Consulting Agreement or reasonable attorney's fees
4  and costs.  The Court is also troubled by the inconsistency between
5  the hourly rate for Plaintiff's services identified in Charlton's
6  declaration and the invoices attached to the FAC.  Accordingly,
7  Plaintiff's Application for Default Judgment is denied without
8  prejudice.

## V. CONCLUSION

For the reasons stated above, the Court DENIES Defendants NetCapital.com LLC, NetMovies Incorporated, and NetWire Incorporated's Motion to Dismiss.  Further, the Court DENIES Plaintiff Results ByIQ's Motion for Default Judgment without prejudice.

IT IS SO ORDERED.

Dated: October 18, 2011



UNITED STATES DISTRICT JUDGE

11