IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESULTS BYIQ LLC, | ) Case No. C 11-0550-SC |
| Plaintiff, | ) ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | ) |
| NETCAPITAL.COM LLC, NETWIRE INC., NETMOVIES INC., and DOES 1-20, inclusive, | ) |
| Defendants. | ) |

This case arises out of a consulting agreement between the above-captioned defendants and non-party ByIQ LLC ("ByIQ"). Plaintiff Results ByIQ LLC ("Results ByIQ") alleges that Defendants failed to pay bills issued in connection with services ByIQ rendered pursuant to the consulting agreement. Defendants previously moved for summary judgment on the ground that Results ByIQ lacked standing to enforce an agreement to which it was not a party. On May 7, 2013, the Court denied Defendants' motion, finding that there existed a triable issue of fact as to whether ByIQ assigned its rights under the consulting agreement to Results ByIQ. ECF No. 82 ("SJ Order").

1    Defendants now move for reconsideration of the Summary
2 Judgment Order pursuant to Federal Rule of Civil Procedure 59(e).
3 ECF No. 86 ("Mot."). The Motion is procedurally improper. Rule
4 59(e) allows a court to alter or amend a judgment and, in this
5 case, the Court has yet to enter one. Civil Local Rule 7-9 does
6 allow a party to move for reconsideration, but only after the party
7 has obtained leave of the Court. A motion for leave to file a
8 motion for reconsideration has yet to be filed here.

9    In any event, the substantive arguments advanced in
10 Defendants' Motion are unavailing. Defendants contend that the
11 express terms of the consulting agreement prevented ByIQ from
12 assigning its rights. Defendants specifically point to section 6
13 of the agreement, which provides:

> This Agreement and the services contemplated hereunder
> are specific to [ByIQ] and [ByIQ] shall not have the
> right or ability to assign any obligations under this
> Agreement without the written consent of NetCapital.
> Any attempt to do so shall be void.

18 Mot. at 2 (citing ECF No. 87-1). This language bars ByIQ from
19 assigning its "obligations" to perform services under the
20 consulting agreement. However, it is not clear why the language
21 would also prevent ByIQ from assigning its right to payment for
22 services rendered pursuant to the agreement.

23    Even if this argument were persuasive, it was not raised in
24 Defendants' summary judgment motion or in their reply in support of
25 that motion. Under Civil Local Rule 7-9(b), a party moving for
26 reconsideration must show the emergence of new material facts or a
27 change of law or, alternatively, a "manifest failure by the Court
28 to consider material facts or dispositive legal arguments which

1 were presented to the Court." Likewise, a Rule 59(e) motion for
2 reconsideration should not be granted unless the court "is
3 presented with newly discovered evidence, committed clear error, or
4 if there is an intervening changing in the controlling law." <u>389</u>
5 <u>Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999).
6 Here, Defendants do not point to new facts or a change in the law.
7 Further, the Court did not previously consider the assignment
8 provision because neither party raised the issue at summary
9 judgment.
10     For these reasons, Defendants' motion for reconsideration is
11 DENIED.

13     IT IS SO ORDERED.

15     Dated:   May 15, 2013
16                                    UNITED STATES DISTRICT JUDGE