**United States District Court**
For the Northern District of California

1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9                                   ) Case No. C 11-0550 SC
                                     )
RESULTS BYIQ LLC,                    )
10                                   ) ORDER GRANTING ATTORNEY FEES
                                     ) AND COSTS
        Plaintiff,                   )
11                                   )
    v.                               )
12                                   )
NETCAPITAL.COM LLC, NETWIRE          )
13  INC., NETMOVIES INC., and DOES   )
    1-20,                            )
14                                   )
        Defendants.                  )
15                                   )
                                     )
16 _____  )

17

18

19  **I.    INTRODUCTION**

20      Now before the Court is Plaintiff Results ByIQ LLC's

21  ("Plaintiff") motion for attorney fees and costs.  ECF No. 134

22  ("Mot.").  Defendants Netcapital.com LLC, Netwire Inc., and

23  Netmovies LLC ("Defendants") oppose the motion.  ECF No. 144

24  ("Opp'n").  The motion is fully briefed, ECF No. 149 ("Reply"), and

25  appropriate for decision without oral argument, Civ. L.R. 7-1(b).

26  For the reasons explained below, the Court GRANTS Plaintiff's

27  motion and AWARDS Plaintiff fees of $207,712.50 and additional

28  costs of $1,037.80.

United States District Court
For the Northern District of California

1  II.   **DISCUSSION**

2          Plaintiff's counsel took over this case four months prior to

3  trial.  At trial, Plaintiff established that it was the successor-

4  in-interest to a predecessor company, ByIQ LLC, and that ByIQ LLC

5  had assigned to Plaintiff its rights under a Consulting Agreement

6  with Defendants.  See ECF No. 139 ("Battista Decl.") Exs. 1

7  ("Verdict Form"), 2 ("Consulting Agreement").  The Consulting

8  Agreement provides in relevant part: "In any action or proceeding

9  to enforce rights under this Agreement, the prevailing party will

10 be entitled to recover costs and attorney fees."  Plaintiff sued

11 Defendants for false promise and breach of contract, and the jury

12 found that Plaintiff prevailed on both claims.  The jury awarded

13 Plaintiff $167,050 in compensatory damages for its false promise

14 claim, and $334,100 in punitive damages based on that claim.

15 Defendants had counterclaimed for a breach of contract, but the

16 jury found against them.

17         Plaintiff's counsel relies on California Civil Code section

18 1717(a) as their basis for fees:

19              In any action on a contract, where the
                contract specifically provides that
20              attorney's fees and costs, which are
                incurred to enforce that contract, shall be
21              awarded either to one of the parties or to
                the prevailing party, then the party who is
22              determined to be the party prevailing on the
                contract, whether he or she is the party
23              specified in the contract or not, shall be
                entitled to reasonable attorney's fees in
24              addition to other costs.

25

26         Actions "on a contract" are not just breach of contract

27 actions.  "On a contract" extends to any action involving a

28 contract under which one of the parties could recover fees after

**United States District Court**
For the Northern District of California

1  prevailing in a lawsuit.  See In re Tobacco Cases I, 193 Cal. App.

2  4th 1591, 1601 (Cal. Ct. App. 2011).

3      Defendants have two main arguments why Plaintiff is not

4  entitled to fees.  First, Defendants claim that Plaintiff did not

5  prevail in an action "on a contract" because the jury found for

6  Plaintiff, and awarded damages, on a fraudulent inducement claim --

7  a claim that sounds in tort.  Opp'n at 3.  According to Defendants,

8  the Consulting Agreement is just a backdrop to the case.  Id. at 3-

9  4.  Second, Defendants contend that Plaintiff is not entitled to

10 fees based on its breach of contract claim, because the jury did

11 not award Plaintiff damages on its contract claim.  Id. at 4-5.

12 Defendants state that since Plaintiff technically won nothing on

13 its contract claim, it cannot be the "prevailing party" on a

14 contract.  Id. at 4-6.

15     Alternatively, Defendants claim that Plaintiff's fees should

16 be reduced significantly because they are not apportioned and are

17 unreasonable.  Id. at 7.  As to apportionment, Defendants claim

18 that Plaintiff was supposed to apportion the fees it requests

19 between the fraud claim, on which the jury awarded it damages, and

20 the contract claim, on which the jury did not award damages.  Id.

21 at 7-8.  Defendants therefore state that Plaintiff should only be

22 able to obtain fees directly related to their work on the fraud

23 claim.  Id. at 8.  Finally, with respect to the unreasonableness of

24 the fees, Defendants state that Plaintiff's fee requests and

25 affidavits make it impossible for the Court to determine whether

26 Plaintiff's fee requests are reasonable.  Id. at 8-9.  In any

27 event, Defendants argue that Plaintiff expended too much time on a

28 "relatively simple" case, that one attorney's fees were incurred

3

**United States District Court**
For the Northern District of California

1  before the action was filed (and are therefore not fees related to

2  an action on a contract), and that Plaintiff's travel time was

3  excessive.  Opp'n at 9-10.

4      First, under California law, "[i]f a cause of action is 'on a

5  contract,' and the contract provides that the prevailing party

6  shall recover attorney fees incurred to enforce the contract, then

7  attorney fees must be awarded on the contract claim in accordance

8  with Civil Code section 1717."  Gil v. Mansano, 121 Cal. App. 4th

9  739, 742 (Cal. Ct. App. 2004) (quoting Exxess Electronixx v. Heger

10 Realty Corp., 64 Cal. App. 4th 698, 706 (Cal. Ct. App. 1998)).  "A

11 broadly phrased contractual attorney fee provision may support an

12 award to the prevailing party in a tort action.  [P]arties may

13 validly agree that the prevailing party will be awarded attorney

14 fees incurred in any litigation between themselves, whether such

15 litigation sounds in tort or in contract."  Id. at 743 (quotation

16 marks and citations omitted).

17     The Court finds that this was an action "on a contract," given

18 the broad phrasing of the Consulting Agreement.  The Consulting

19 Agreement undisputedly contained a fee provision related to actions

20 undertaken to enforce rights under the contract.  It also required

21 Defendants to pay Plaintiff for the work they hired it to do.

22 Defendants did not pay Plaintiff, so it sued them to get its money

23 back, and, moreover, the jury found that Defendants had entered the

24 Consulting Agreement with Plaintiff without ever intending to pay

25 it.  Plaintiff accordingly prevailed on both its contract and tort

26 claims.  The two theories are essentially intertwined in this case,

27 and to hold that Plaintiff's counsel is not entitled to fees simply

28 because the jury awarded damages on a tort claim -- even though it

**United States District Court**
For the Northern District of California

1  found that Plaintiff prevailed on both a contract and a tort claim

2  -- would be needless formalism.  Cf. Reynolds Metals Co. v.

3  Alperson, 25 Cal. 3d 124, 129-30 (Cal. 1979) ("Attorney's fees need

4  not be apportioned when incurred for representation on an issue

5  common to both a cause of action in which fees are proper and one

6  in which they are not allowed.").  Plaintiff's attorneys deserve to

7  be paid for the work they did, and they need not apportion their

8  fees given the near-identity of the facts supporting both causes of

9  action on which Plaintiff prevailed.  Id.

10      Finally, the Court has carefully reviewed all of Plaintiff's

11 moving papers and supporting documents.  The Court finds

12 Plaintiff's fee request reasonable.  Plaintiff's counsel was able

13 to join this case on relatively short notice, prepare for trial,

14 and win.  Defendants claim that their own counsel did not expend as

15 many hours on the case, rendering Plaintiff's bills unreasonable,

16 but that argument is misplaced.  Plaintiff's counsel did the work

17 and won.  They deserve fees.  However, the Court declines

18 Plaintiff's request for additional fees incurred post-trial.

19 Accordingly, the Court AWARDS Plaintiff's counsel their original

20 fee request of $190,672.50.  Further, the Court finds Plaintiff's

21 request for travel costs related to the deposition of John Fanning

22 reasonable and appropriate under the terms of the Consulting

23 Agreement.  The Court AWARDS Plaintiff's counsel costs of

24 $1,037.80.  The Court declines to revisit the Clerk of Court's

25 reduction of costs, ECF No. 148, finding the reductions

26 appropriate.

27 ///

28 ///

**III.  CONCLUSION**

As explained above, Plaintiff Results ByIQ LLC's motion for attorney fees and costs is GRANTED.  The Court AWARDS Plaintiff $190,672.50 in fees and $1,037.80 in costs.

IT IS SO ORDERED.

Dated: September 11, 2013



UNITED STATES DISTRICT JUDGE